IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HOPE ELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:19-cv-291-HSO-JCG |
| DICK'S SPORTING GOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

**I.      INTRODUCTION**

Plaintiff, Hope Elly, files this action, pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §12181, *et. seq.* In Count One of the Complaint, Plaintiff seeks to enjoin the Defendant to remove architectural barriers. In Count Two, Plaintiff seeks to enjoin Defendant to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. In Count Three, Plaintiff seeks to enjoin the Defendant's use of the premises to provide full and equal enjoyment of the Dick's Sporting Goods business environment to individuals with disabilities. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin Defendant's failure to design and construct the establishment to be readily accessible to and usable by individuals with disabilities.

**II.     JURISDICTION, PARTIES, AND ARTICLE III STANDING**

**1.**     This is an action for declaratory and injunctive relief pursuant to Title III of the ADA 42 U.S.C. §12181, *et. seq.*, and its implementing regulations. Therefore, this Court is vested

with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, the United States District Court for the Southern District of Mississippi, pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

3. Plaintiff, Hope Elly, resides in Grand Bay, Alabama. She has experienced cerebrovascular accidents, more commonly known as strokes. Both her motor and sensory functions are affected, resulting in weakness and/or muscle paralysis. Therefore, maintaining balance, walking, and the ability to use her hands are extremely impaired. As a result of her disability, she relies on a walker or wheelchair for mobility. She is limited in her ability to care for herself, perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Ms. Elly is, accordingly, a person with a disability, in that she has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

4. Defendant, Dick's Sporting Goods, Inc. (hereinafter "the store") is a corporation that is both registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction. Upon information and belief, Dick's Sporting Goods, Inc., "operates" and "leases" the Dick's Sporting Goods store located at 3893 Promenade Pkwy, D'Iberville, MS (hereinafter the Store"). 42 U.S.C. § 12182. The Store is a retail sales establishment and qualifies as a place of public accommodation. Therefore, Dick's Sporting Goods, Inc., as the owner and operator of a place of public accommodation, qualifies as a covered entity under Title III pursuant to 42 U.S.C. § 12181(7).

5. All events giving rise to this lawsuit occurred in the Southern District of Mississippi and the Defendant is a citizen thereof.

6.      Plaintiff resides about an hour's drive from the Mississippi Gulf Coast. When she has visited the Gulfport, Mississippi area, she has visited the store because she enjoys the variety of merchandise offered at Dick's as well as dining and shopping in the immediate area. She has definite plans to return to the Store during 2019 to shop at the store and verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at the facility, and the difficulty she experienced when attempting to access the restrooms, the sales counters and other areas within the Store.[1] Because of the barriers described herein Plaintiff has been denied full and equal enjoyment of the Defendant's premises on the basis of her disabilities.

7.      Plaintiff accordingly, has Article III standing to pursue this case because (1) she is a person with a disability, pursuant to the statutory and regulatory definition; (2) the Defendant's retail store is a place of public accommodation, pursuant to the statutory and regulatory definition; (3) she has suffered a concrete and particularized injury, by being denied access to the retail store due to architectural barriers, by the Defendant's policies and practices described herein, and by Defendant's denial of the use of its retail store for her full and equal enjoyment as compared to individuals without disabilities. and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described herein. Although Plaintiff has plans during 2019 to return to the Store, she is deterred from doing so by the barriers which she encountered on her last and previous visits to the store.

**III.    COUNT ONE – Failure to Remove Architectural Barriers When Readily Achievable [42 U.S.C. § 12182(b)(2)(A)(iv)]**

8.      Plaintiff is informed and believes based on publicly available information that the Store was first constructed in 2009 all newly constructed facilities for first occupancy after January

---

[1] The Eleventh Circuit, held in *Houston v. Marod Supermarkets*, 733 F.3d 1323 (11th Cir. 2013), that when architectural barriers have not been remedied "*there is a 100% likelihood that plaintiff… will suffer the alleged injury again when he returns to the store.*"

3

26, 1993, and all "alterations" made to existing facilities after January 26, 1992, were required to have been built in strict compliance with the ADA 1991 new construction Standards. 42 U.S.C. § 12183(a) and (b). 28 C.F.R. § 36.402.

9. Newly constructed or altered facilities or elements covered by §§ 36.401 or 36.402 that were constructed or altered before March 15, 2012 and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards. See 28 C.F.R. § 36.406(5)(ii).

**Architectural Barriers**

10. Plaintiff's last visit to the Store was during the last week of March 2019. During this visit, she experienced the following barriers to access as a person with a disability:

Floor Mat

**(a)** The floor mat at the entrance doors is not stable, firm, or otherwise secured to the floor in compliance with the Standards;

Sales and/or Service Counters

The sales and/or service counters fail to comply with the Standards as follows:

**(b)** There is not at least one of each type of sales and/or service counter that is maintained in conformance with the Standards so that the accessible counters are located adjacent to a required walking surface.

**(c)** There is not at least one of each type of accessible sales and/or service counter with a portion of the counter at the required height and length while maintaining the maneuvering clearance for either a parallel or forward approach to the counter;

**(d)** There is not at least one of each type of sales and/or service counter that is maintained free of merchandise or display items that encroach into the required clear counter surface;

**(e)** There is not at least one of each type of sales and/or service counter which contains point of sale equipment that is accessible to individuals with disabilities;

Path of Travel Throughout Store Aisles

**(f)** Defendant fails to maintain a 36-inch-wide (accessible) path of travel and required turning space in and throughout the shopping aisles due to the placement of merchandise, display racks and other movable items which encroach into the required clear floor space.

Dressing/Fitting Rooms

Defendant fails to provide at least one dressing room which is usable by individuals with disabilities as follows:

**(g)** The designated accessible dressing room does not provide the required t-shaped and/or circular turning space, which is required for individuals with disabilities to maneuver in and throughout the room;

**(h)** The entrance door swings into the clear floor space required for maneuvering clearance;

**(i)** The coat hook fails to be maintained at the required height for an obstructed or unobstructed reach range;

**(j)** The bench seat fails to maintain the required height or depth;

**(k)** The bench seat lacks the required clear floor space at the end of the seat;

<u>Signage</u>

**(l)** Defendant fails to maintain accessible restroom identification signage displaying the international symbol of accessibility in conformance with the Standards;

<u>Women's Restroom</u>

Defendant failed to provide an accessible restroom for Plaintiff to use as follows:

**(m)** There is insufficient maneuvering clearance on the pull side of the entry door;

**(n)** The inward swing of the stall compartment door encroaches into the required maneuvering clearance at the baby changing table and other fixtures;

**(o)** The toilet paper dispenser fails to meet the required distance from the toilet;

**(p)** The coat hook on the compartment door fails to meet the required height and reach ranges;

**(q)** The hardware on the toilet compartment requires tight grasping or penching of the wrist in violation of the Standards;

**(r)** The trash can located inside the accessible toilet compartment encroaches into the clear floor space required at the toilet and other fixtures;

**(s)** There is a trash can encroaching into the maneuvering clearance at the lavatory sink;

**11.** Unless Defendant takes remedial action, Plaintiff will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendant on the basis of her disabilities.

12. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. she is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. §12205.

13. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to remove architectural barriers and bring the facility into compliance with the ADA Standards.

### IV. COUNT TWO – Failure to Modify Policies, Practices and Procedures Which Deny Equal Benefits [(42 U.S.C. § 12182(b)(2)(A)(ii)]

14. Plaintiff incorporates by reference and realleges all the paragraphs above.

15. By its clear text, Title III requires a public accommodation to provide individuals with disabilities *more than simple physical access.* Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

16. Defendant has failed to make modifications in its policies, practices, and procedures as follows:

   **(a)** Defendant has demonstrated that it has a policy of non-compliance with the ADA new construction Standards by its failure to design and construct the facility in compliance with the applicable Standards;

   **(b)** The presence of architectural barriers identified in Count One demonstrates that the Defendant either has no policies or has failed to create, adopt, and/or implement

policies and procedures for the removal of architectural barriers;

 **(c)** Defendant's procedure of placing merchandise and other items within the required clear counter space denies equal access to those areas for customers with disabilities;

 **(d)** Defendant's practice of allowing employees to place movable items and merchandise displays in the required path of travel throughout the store aisles, denies individuals with disabilities the full use of these areas;

 **(e)** Defendant's practice allowing employees to place movable objects within the required maneuvering or clear floor space in the restroom denies individuals with disabilities full use of this area;

 **(f)** As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendant's existing practice, either explicitly or implicitly, is to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities;

 **17.** To date, the Defendant's discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

 **18.** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

 **19.** Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendant from engaging in these discriminatory policies, practices, and procedures.

 **20.** Therefore, the Plaintiff hereby demands that Defendant both create and adopt a

corporate practice and policy that Defendant (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed from Defendant's establishment; and (b) Defendant will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments, full and equal enjoyment and use of all goods and services;

## V. COUNT THREE – Denial of Full and Equal Enjoyment [42 U.S.C. § 12182]

21. Plaintiff incorporates by reference and realleges all the paragraphs above.

22. Discrimination on the basis of disability is a denial of the " full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a). Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

23. For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities *full and equal enjoyment* of the privileges and *services* offered by the public accommodation. 42 U.S.C. 12182.

24. Plaintiff was denied full and equal access to the Store due to Defendant's denial of equal services and benefits. As compared to individuals without disabilities, Plaintiff experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

    **(a)** The inaccessible features of Defendant's sales and/or service counters denied Plaintiff the use of a counter with the proper height, clear floor space and clear surface area in order to provide her with an opportunity to equally transact business and access the point of sale machines;

**(b)** The inaccessible path of travel in and throughout Defendant's Store aisles makes it difficult, if not impossible, for Plaintiff to move freely, access merchandise, and, therefore, have an equal shopping experience;

**(c)** The inaccessible features of the dressing/fitting rooms make this area unusable by Plaintiff because the room lacks the maneuvering clearance, an accessible bench, as well as an unusable coat hook and other features;

**(d)** The inaccessible features of the Women's Restroom and the lack of maneuvering clearance at fixtures fails to provide plaintiff to equal access to restroom area;

**25.** Defendant's continued failure to maintain ADA accessibility as an integral part of the facility and shopping experience has segregated or otherwise treated Plaintiff and others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiff to be dependent on others to attempt access and caused her to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

**(a)** Defendant's conduct and unequal treatment of Plaintiff constitute continuous discrimination in violation of the ADA.

**(b)** Absent a Court ordered injunction, Defendant will continue to deny Plaintiff equal access to the goods and services offered at the Store.

**(c)** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

**(d)** Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendant from engaging in these continuous discriminatory practices which have resulted

in denial of equal access by the Plaintiff.

VI. **COUNT FOUR – Failure to Design, Construct and Alter the Facility in Compliance with the ADA Standards [42 U.S.C. § 12183(a)(1)]**

**26**. Plaintiff incorporates by reference and realleges all the paragraphs above.

**27.** The ADA requires that all newly constructed facilities be designed and constructed according to architectural standards set by the Attorney General. 42 U.S.C. §§ 12183(a), 12186(b). Those Standards are incorporated into the Department of Justice's regulation implementing title III of the ADA, 28 C.F.R. Part 36, Appendix A. The Standards set architectural requirements for places of public accommodation which were constructed after January 1993. Thus, Defendant violated the statute by failing to design and construct the Store in accordance with the applicable Standards. (see paragraph 10 above).

**28.** Defendant further violated the Standards by failing to comply with the Standards when altering the facility after its construction. (see par 10 above)

**29.** To date, architectural barriers remain at the facility due to construction and alteration violations.

**30.** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

**31.** Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendant by ordering the facility brought into compliance with the Standards.

**WHEREFORE**, premises considered, Plaintiff, demands judgment against the Defendant on Counts One through Four and request the following injunctive and declaratory relief:

**1.** That the Court declare that the Defendant as well as all Defendant's illegal actions

      violate the ADA, as more particularly described above;

2. That the Court enter an order requiring the Defendant to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3. That the Court enter an order directing the Defendant to modify its policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4. That the Court enter an order directing the Defendant to provide full and equal access and use of the facility, and maintain the required accessible features at the establishment so that Plaintiff, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5. That the Court enter an order directing the Defendant to remediate the Store to the proper level of accessibility required for the design and construction of the facility as outlined in Count Four;

6. That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiff; and

7. That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Respectfully submitted,

Date: May 21, 2019

*Pshon Barrett*
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 21st day of May 2019 to the following:

**Dick's Sporting Goods, Inc.**
c/o Corporation Service Company
Attn.: Registered Agent
7716 Old Canton Rd, Suite C
Madison, MS 39110

*Pshon Barrett*
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*